NO. 07-07-0119-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 3, 2008
______________________________

STATE OF TEXAS, 

                                                                                                 Appellant

v.

JUAN MANUEL RAMIREZ, 

                                                                                                 Appellee
_________________________________

FROM THE COUNTY COURT at LAW NO. 1 OF POTTER COUNTY;

NO. 117860; HON. W. F. “CORKY” ROBERTS, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          The State of Texas appeals from an order granting the motion of Juan Manuel
Ramirez to suppress evidence.


 Ramirez had been charged with intentionally, knowingly,
or recklessly carrying a handgun. He believed that the discovery of the gun should be
suppressed because the officers lacked probable cause or reasonable suspicion to initially
detain him. We affirm the order of the trial court.
          Background
          On December 6, 2006, Amarillo police officers Wade Pennington and Kyle Hawley 
were seeking to serve an arrest warrant on David Rogers (Rogers). They traveled to 1704
South Jackson where they believed that Rogers was staying. A car with two persons in it
was found parked in front of the residence; the officers decided to approach the vehicle
and determine whether one of those persons was Rogers. According to the findings of fact
entered by the trial court, Ramirez “made a movement toward the console of his vehicle
at or about the time Officer Pennington approached the driver’s side of the vehicle.” 
Whether this gesture occurred in response to the actions of Pennington is unknown. Nor
does the record disclose whether Ramirez knew of the officers’ presence when he made
the movement. 
          Per the same findings, the trial court determined that Ramirez “rolled the window of
the vehicle down[,] and . . . Pennington was readily able to determine that . . . Ramirez did
not match the physical description of the suspect being sought.” Upon discovering this,
however, the officers did not leave. Instead, they continued to question Ramirez,
eventually removed him from his vehicle, handcuffed him, and placed him in the squad car. 
This was done because, according to Pennington, Ramirez acted nervous and used his
body to prevent the officer from looking into the car. Ramirez’ actions caused Pennington
to believe that Ramirez was armed, so the officer testified. Yet, none of the officers’
testimony about Ramirez performing other gestures or acting nervously while the officers
communicated with him were incorporated into a finding of fact. Indeed, they go
unmentioned by the trial court, without objection by the State. 
          The trial court then found that “[e]ventually, a weapon . . . was recovered from the
console area of the vehicle” and that neither Ramirez nor his passenger “consented to the
search of the vehicle.” Consequently, “the totality of the circumstances” led the trial court
to conclude that “no reasonable suspicion was present that allowed . . . Ramirez and his
passenger to be removed from” the car or that allowed the car “to be searched.” Nor did
Officer Pennington have reasonable suspicion or probable cause to detain Ramirez once
the officer determined Ramirez was not the subject of the arrest warrant, the trial court
continued.  
          Standard of Review
          We review the trial court’s ruling on a motion to suppress under a bifurcated
standard. Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Under that
standard, the trial court is the sole trier of fact and judge of the credibility of the witnesses
and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000). Included in this ability to assess the credibility of a witness comes the
authority to disbelieve both controverted as well as uncontroverted testimony. Id. at 856-57. Because of that, we accord great deference to the trial court’s interpretation of
historical facts. Ford v. State, 158 S.W.3d at 493. However, such deference is not
afforded to its application or interpretation of the law. Those decisions can be reviewed
de novo. Id.
          Application of Standard
          As previously mentioned, the trial court executed written findings of fact and
conclusions of law and none incorporated the testimony about Ramirez performing furtive
gestures or acting nervously once the officers reached his car. Nor did the State solicit
additional findings touching upon that testimony. Given this, we cannot say that the trial
court found the testimony credible. This in turn, when coupled with our inability to resolve
questions of fact, Montanez v. State, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006).
precludes us from deeming that testimony credible. Indeed, because it was tendered to
the trial court as basis for upholding the detention and the trial court nevertheless
concluded that the officers lacked both reasonable suspicion and probable cause to stop
Ramirez, one could legitimately theorize that the testimony was not believed. And,
because one could so theorize, we cannot discount it as a basis for the trial court’s ultimate
decision, especially when the findings of fact and conclusions of law are silent on the
matter. State v. Ross, 32 S.W.3d at 858 (rejecting the argument that uncontroverted
evidence sufficient to illustrate probable cause should be believed when the trial court fails
to indicate that it discredited the evidence). And, therein lies the problem here.
          The only evidence which the trial court indicated that it believed by including it in a
fact finding encompassed 1) appellant being parked in the driveway of a house wherein
the subject of an arrest warrant lived, 2) appellant was Hispanic while the subject of the
warrant was white, 3) the officers were “curious” about the driver of the car though they had
no information that the subject they sought drove a similar car, 4) an officer realized that
Ramirez was not the person they sought, 5) appellant moved towards the console of his
car around the time an officer approached the vehicle, 6) a gun was recovered from the
console, 7) neither appellant nor his female passenger consented to the search, and 8) the
events occurred during the daytime at 12:30 p.m. Whether appellant was aware that the
police had arrived when he moved towards the center console is unknown. This is of
import because if he did not, then the act would hardly suggest that he was reacting to the
officers’ presence or either hiding or acquiring a weapon in response to their presence. 
And, the absence of such evidence may well have been a factor in the trial court’s decision. 
Nor is there evidence of the scene being within a high crime area. 
          It may well be that the trial court decided that two people being in a car parked on
a driveway during the lunch hour while one moves towards a center console connotes
neither criminality being afoot nor the presence of weapons. And, that would be a decision
with which we could not disagree given Canales v. State, 221 S.W.3d 194 (Tex.
App.–Houston [1st Dist.] 2006, no pet.). In Canales, the appellate court held that an officer
seeing someone parked outside a convenience store for several minutes in the wee hours
of the morning and who then placed his hand between the driver’s seat and center console
were not enough to warrant a temporary detention and search of the suspect. Id. at 200-04. If such circumstances were not enough in Canales, those before us also fall short of
vesting the officers with probable cause to detain and search for weapons. And, without
that, the police had no basis to temporarily detain appellant or search for weapons.
          We note that while this court may have viewed the evidence differently had it been
the trier of fact, that is of no consequence. The trial court has the authority to weigh the
evidence and decide who to believe. We do not, and, therefore, cannot consider the
evidentiary record de novo. So, because the trial court’s fact findings are akin to a jury’s
verdict and entitled to deference, see In re M.W., 959 S.W.2d 661, 664 (Tex. App.–Tyler
1997, writ denied) (stating that findings of fact in a case tried by the court have the same
force and dignity as a jury’s verdict), and the trial court had the authority to disbelieve the
officers, we affirm its order granting the motion to suppress. 
 
                                                                           Brian Quinn
                                                                         Chief Justice
Publish.